IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. PORTER, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DORRAL G. ADAMS, )<br>)<br>Respondent. )<br>_____ ) | CV F 04-5956 AWI WMW HC<br><br>FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

Petitioner is in custody pursuant to convictions in Los Angeles County Superior Court for first degree murder in violation of Penal Code section 187, robbery in violation of Penal Code section 211, and assault with a deadly weapon in violation of Penal Code section 245(a)(1). Petitioner was also convicted in Marin County Superior Court for possession of an inmate manufactured and/or deadly weapon in violation of Penal Code section 4502.

On April 4, 2002, an inmate named Pacheco was stabbed in Housing Unit Four at the California Correctional Institution. On May 9, 2002, Petitioner was issued a rules violation report for participating in the stabbing of inmate Pacheco. Petitioner was assigned an investigative employee to assist in his defense. A disciplinary hearing was held on June 13, 2002, at the conclusion of which Petitioner was found guilty of having stabbed Pacheco.

Petitioner filed a petition for writ of habeas corpus in Kern County Superior Court raising due process challenges to the outcome of the disciplinary hearing. The court denied the petition on January 29, 2003, with a detailed order addressing the merits of Petitioner's claims. Petitioner then filed a petition for writ of habeas corpus with the California Supreme Court, which denied the petition with a "silent" denial on January 14, 2003.

## STANDARD OF REVIEW

<u>JURISDICTION</u>

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting <u>Drinkard v. Johnson</u>, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on July 2, 2004, after the enactment of the AEDPA, thus it is

governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

When the California Supreme Court's opinion is summary in nature, however, this court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99,

116 S.Ct. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Petitioner contends that the guilty finding rendered against him on June 13, 2002, violated his due process rights. Specifically, Petitioner claims that he was denied witnesses at the hearing, not all witnesses were interviewed, there was no finding as to the reliability of the confidential witnesses, and the guilty finding was based on this ethnicity.

Under the Fourteenth Amendment, no state shall deprive any person of life, liberty, or property without due process of law. Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).

A prisoner in a prison disciplinary hearing is not entitled to the full array of due process rights that a defendant possesses in a criminal prosecution. <u>Id</u>. at 556. However, a prisoner who is accused of serious rules violations and who may be deprived of his or her good-time credits is entitled to certain minimum procedural protections. <u>Id</u>. at 571-71 n. 9.

The process due in such a prison disciplinary hearing includes: (1) written notification of the charges; (2) at least a brief period of time after the notice to prepare for the hearing; (3) a written statement by the fact-finders as to the evidence relied on and reasons for the disciplinary action; (4) the inmate facing the charges should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. <u>Id</u>. at 564, 566, 570.

In addition, a decision to revoke an inmate's good-time credit does not comport with minimum procedural due process requirements unless its underlying findings are supported by "some evidence." <u>Superintendant v. Hill</u>, 472 U.S. 445, 454 (1985). The Supreme Court has held that "ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the

5

evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56. The Ninth Circuit has further held that there must be "some indicia of reliability of the information that forms the basis for prison disciplinary actions." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) (uncorroborated hearsay statement of confidential informant with no firsthand knowledge is not enough evidence to meet Hill standard.)

In this case, Petitioner first contends that he was deprived of due process because he was denied the presence of inmate witnesses at the disciplinary hearing. The Superior Court addressed this claim, explaining that under CCR, Title 15, Section 3315(e) Petitioner was entitled to request that friendly and adverse witnesses be present at trial. However, under subsection (e)(1)(B) & (C), that request can be denied if the hearing officer determines that the witnesses had no relevant/additional information and/or the witnesses are unavailable. The Superior Court found that the record indicates that Petitioner requested witnesses at the hearing, and the hearing officer asked what testimony the witnesses would give. Petitioner said that the witnesses would testify that Petitioner did not stab inmate Pacheco. The hearing officer stipulated that the witnesses would testify as Petitioner stated and denied their presence. The Superior Court found that denial of the witnesses' presence was supported on the basis that they had no additional information. It further found that because the hearing officer accepted the testimony as Petitioner asserted it would be, the witnesses' absence did not deprive Petitioner of due process. The court concluded, therefore, that the claim was an unsupported, conclusory statement that was insufficient to support the relief requested.

This court finds that Petitioner has done nothing to demonstrate that the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C.

6

§ 2254(d). In light of the hearing officer's stipulation to accept Petitioner's statement as to what the witnesses would say, Petitioner cannot show that the witnesses absence deprived him of due process under <u>Wolff</u>. Accordingly, this contention provides no basis for habeas corpus relief.

Petitioner's second contention is that he was denied due process at the disciplinary hearing because his investigative employee failed to perform his duties. Petitioner claims that although he requested that his investigative employee interview three potential witnesses, he only interviewed one of them. The three witnesses at issue are the same ones mentioned in connection with Petitioner's first contention. As explained above, the hearing officer stipulated to accept Petitioner's statement as to what the witnesses would have said. Petitioner does not claim that had the additional two witnesses been interviewed, they would have provided any additional testimony helpful to Petitioner. Further, Petitioner has provided nothing to challenge the hearing officer's conclusion that under controlling law, Petitioner was not entitled to an investigative employee. Petitioner has thus not demonstrated any due process violation. Therefore the court finds that in regard to this contention, Petitioner has failed to carry his burden of demonstrating that the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Accordingly, this contention provides no basis for habeas corpus relief.

Petitioner's third contention is that the hearing officer failed to make an independent evaluation of the confidential information and confidential informants. As set forth above, the revocation of an inmate's good-time credit does not comport with minimum procedural due process requirements unless its underlying findings are supported by "some evidence." <u>Superintendant v. Hill</u>, 472 U.S. 445, 454 (1985). The Supreme Court has held that

"ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

The Superior Court addressed this issue, finding that because the reliability of the confidential information was confirmed by the relevant regulation, there was sufficient information to find that Petitioner had committed the attack. It also found that disregard of the witnesses' stipulated testimony was supported by one of the witnesses failing to provide any statement and the other stating that he was on the phone and failing to mention Petitioner. In light of the hearing officer's determination of the reliability of the confidential information and the failure of Petitioner to provide sufficient credible evidence in his defense, the Superior Court concluded that there was sufficient evidence presented for the hearing officer to find by a preponderance that Petitioner was guilty and to assess a credit loss accordingly.

This court finds that the decision to revoke Petitioner's good-time credits was indisputably supported by some evidence. Thus, the court finds that in regard to this contention, Petitioner has failed to carry his burden of demonstrating that the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Accordingly, this contention provides no basis for habeas corpus relief.

Petitioner's fourth contention is that his rights under the Sixth, Eighth and Fourteenth Amendments were violated because the hearing officer relied on Petitioner's ethnicity as evidence in finding Petitioner guilty. The Superior Court addressed this issue, finding that the hearing officer's findings indicate that Petitioner was a member of the Crips, which is a

black gang, and that inmate Pacheco was attacked by black inmates. The Superior Court therefore concluded that there was a legitimate basis on which to mention Petitioner's ethnicity in support of the guilty finding. It noted that the fact that Petitioner is black, a member of the Crips and organized the Crips in the attack is only one piece of evidence used to support the finding of guilt.

Petitioner has provided nothing to indicate that the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Petitioner's ethnicity was clearly relevant under the facts of this case. Accordingly, this contention provides no basis for habeas corpus relief.

Based on the foregoing, the court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED and that judgment be entered for Respondent.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 11, 2006**          **/s/  William M. Wunderlich**
mmkd34                                             UNITED STATES MAGISTRATE JUDGE

10