IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. PORTER, JR., ) | CV F 04-5956 AWI WMW HC |
| Petitioner, ) | |
| ) | ORDER ADOPTING |
| v. ) | FINDINGS AND |
| ) | RECOMMENDATIONS RE |
| ) | PETITION FOR WRIT OF |
| DORRAL G. ADAMS, ) | HABEAS CORPUS |
| ) | |
| Respondent. ) | [Doc. 11] |
| ) | |
| _____ ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    On September 12, 2006, the Magistrate Judge filed findings and recommendations herein.  These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within thirty days.  Petitioner filed objections on September 29, 2006.

    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has

conducted a de novo review of this case. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis with the following addition.

Concerning Petitioner's claim that the hearing officer improperly relied on confidential sources, a disciplinary decision based on the statement of an unidentified inmate informant satisfies due process if "(1) the record contains some factual information from which the committee can reasonably conclude that the information was reliable, and (2) the record contains a prison official's affirmative statement that safety considerations prevent the disclosure of the informant's name." Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir.1987) (per curiam). The disciplinary hearing officer conducted an independent review of the confidential material and found it reliable. There was an affirmative statement that the confidential informants' information was corroborated. In addition, the hearing officer found that the names of the informants needed to be withheld for safety reasons. Thus, applying the Ninth Circuit's standard, the court agrees with the Magistrate Judge that the use of the confidential information did not violate Petitioner's due process rights.

Based on the foregoing, it is HEREBY ORDERED that:

1. The findings and recommendations issued by the Magistrate Judge on September 12, 2006, are a adopted in full;
2. The Petition for Writ of Habeas Corpus is DENIED;
3. The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:   **December 30, 2006**            **/s/ Anthony W. Ishii**
0m8i78                                    UNITED STATES DISTRICT JUDGE

2