# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. PORTER, JR., | CV F  04-5956 AWI WMW HC |
| Petitioner, | ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY |
| v. | (Document #15) |
| DORRAL G. ADAMS, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 3, 2007, the court adopted the Magistrate Judge's Findings and Recommendations and, denied Petitioner's petition for writ of habeas corpus, and entered judgment was entered in favor of Respondent.  On January 16, 2007, Petitioner filed a notice of appeal and an application for a certificate of appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute is 28 U.S.C. § 2253, which provides as follows:

>  (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>  (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>  (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>   (A) the final order in a habeas corpus proceeding in which the detention complained of

arises out of process issued by a State court;  or
 (B) the final order in a proceeding under section 2255.
 (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
 (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El, 537 U.S. at 327;  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While Petitioner, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part."  Miller-El, 537 U.S. at 337-38.

In this case, the court finds that jurists of reason would not disagree with the court's finding that Petitioner's due process rights were not violated at the prison disciplinary hearing.  While Petitioner was denied witnesses, the hearing officer accepted Petitioner's testimony as to what these witnesses would have said had then been present.  Accordingly, the court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   March 16, 2007**             **/s/ Anthony W. Ishii**
0m8i78                                  UNITED STATES DISTRICT JUDGE